UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOHAMMED SHAHIDULLAH, | Case No. 09-CV-1851 (PJS/JJK) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER |
| SARA MAXWELL and CITY OF MINNEAPOLIS, | |
| Defendants. | |

Mohammed Shahidullah brings this action against the city of Minneapolis and Sara Maxwell, a city inspector. Shahidullah, who owns rental property in Minneapolis, alleges that Maxwell and the city are attempting to revoke his rental license and force his tenants to vacate the property. Shahidullah alleges that defendants are discriminating against him, in violation of the Equal Protection Clause, on the basis of his (and his tenants') race, religion, and national origin.

This matter is before the Court on Shahidullah's motion for a temporary restraining order to enjoin defendants from forcing Shahidullah to vacate the property. In deciding whether to issue a temporary restraining order, a court must consider the threat of irreparable harm to the movant, the state of balance between that harm and the harm that granting the injunction will inflict on the opposing party, the likelihood that the movant will ultimately succeed on the merits, and the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

The sole evidence that Shahidullah offers in support of his motion is an affidavit in which he asserts that he employed a licensed electrician and plumber to address defendants' concerns. Although Shahidullah alleges that the city has not taken similar adverse action against other similarly situated landlords (presumably of a different race, religion, and national origin than Shahidullah), Shahidullah offers no evidence to support this allegation. The Court therefore cannot find that Shahidullah is likely to succeed on his equal-protection claim.

Similarly, the Court cannot find that Shahidullah faces a threat of irreparable harm. Shahidullah apparently does not live at the property in question, and thus the only harm that he is likely to suffer is financial. Shahidullah argues that his tenants are threatened with irreparable harm, but his tenants are not parties to this case, and Shahidullah cannot litigate claims on their behalf. In addition, Shahidullah alludes to a license-revocation hearing that is to be held sometime in the future. Shahidullah does not explain why he cannot raise his claims in the context of that hearing. Shahidullah's motion for a temporary restraining order is therefore denied.

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED that plaintiff's motion for a temporary restraining order [Docket No. 2] is DENIED.

Dated: July 16, 2009

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge